101 F.3d 705
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INTERPOOL LIMITED, Plaintiff-Appellee,
v.
CHAR YIGH MARINE (PANAMA) S.A.; Char Ching Marine (H.K.)
Co., Ltd., Defendants-Appellants.
 No. 95-56359.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Nov. 14, 1996.
As Amended on Denial of Rehearing and Rehearing En Banc Jan.
10, 1997.
 
 Before: O'SCANNLAIN, T.G. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 ORDER*
 
 
 2
 This matter comes to us for the third time, returning from the order of remand in Interpool Ltd. v. Char Yigh Marine (Panama) S.A. (Interpool II), Nos. 92-55339, 92-55427 (9th Cir. Mar. 8, 1995) (unpublished memorandum disposition). In that disposition, we held that Char Yigh did not have legal capacity to sue as a third-party claimant to the C.C. San Francisco, and that "Char Yigh's failure in its earlier submissions to predicate an argument, or to file a motion based on Fed.R.Civ.P. 25(c) constitutes a waiver of any such claim."[1] We remanded for the limited purpose of reconsideration of the denial of prejudgment interest. The district court entered a substitute judgment, awarding Interpool prejudgment interest at the rate of 11.98% per annum. Trustees of Char Yigh filed a notice of appeal.
 
 
 3
 Trustees of Char Yigh never appeared before the district court. The Trustees have never complied with Fed.R.Civ.P. 25(c). They are not, and have never been, a party to this lawsuit. We therefore hold that the Trustees of Char Yigh lack standing or capacity to pursue this appeal. The appeal is therefore DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Char Yigh filed as a third-party claimant after it was dismissed as a defendant in this action